## THE STATE v. WILLIAM H. GLASS.

The judge has the right, and it is his duty, to explain to the jury what constitutes the crime charged against the accused; and, on an indictment for carrying on a banking game, he may explain to the jury what constitutes a banking game

The fact that an incompetent juryman sat upon the trial without being challenged, is not a good ground for a motion in arrest of judgment.

The incompetency of a juror, unless he has been challenged, is not a good ground for a new trial.

A prisoner cannot be allowed to take the chance of a verdict in his favor, and when rendered against him, successfully attack it for facts known to him before the trial.

APPEAL from the District Court of West Feliciana, *Stirling*, J. *Z. S. Lyons*, District Attorney, for the State. *C. Ratliff*, for appellant. The judgment of the court was pronounced by

PRESTON, J. The defendant was indicted for keeping a banking house and banking game; was convicted and sentenced to pay a fine of a thousand dollars, and has appealed.

He applied for a new trial, on the ground, that the judge, in his charge to the jury, gave his opinion as to what constituted a banking house and banking game, under the act to suppress gambling. No bill of exceptions was taken to the charge, but the district attorney admits that the judge charged as stated. The judge had a right to do so; nay, it was his duty on the trial of this case, as in all others, to explain to the jury what constitutes the crime charged. It does not appear that he improperly interfered with the acknowledged power of the jury to render a general verdict in the case.

It was moved in arrest of judgment, that one *Benjamin* was empannelled with, and sworn on the petty jury, although he was convicted of a crime and had been sentenced to imprisonment in the penitentiary, from which judgment, however, he had appealed to this court. This should have been offered as a ground in support of the application for a new trial, and not as a reason to arrest the judgment. The district attorney, however, admits the facts, with this qualification, that the conviction of the juryman was known to the accused in this case, because the juryman had been defended by the counsel in the present case. The facts being admitted, we are, perhaps, bound to inquire into their effect as though they had been presented on the application for a new trial.

We have often held, that the incompetency or disqualification of a juryman is not a good ground for a new trial, unless challenged when brought to the book to be sworn. A prisoner cannot be allowed to take the chance of a verdict in his favor, and when rendered against him, successfully attack it for facts known to him before the trial.

Other matters have been the subject of discussion before this court in the case, but the record presents nothing further for our consideration.

The judgment of the district court is affirmed, with costs.